IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ronald Mathis, #15685-018,   )<br>                              )<br>                    Plaintiff,   )<br>                              )<br>        vs.                   )<br>                              )<br>Matthew B. Hamidullah, Warden, )<br>                              )<br>                    Defendant. )<br>                              ) | Civil Action No. 8:05-3000-MBS-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendant's motion to transfer or, in the alternative, for summary judgment. The plaintiff has pled a claim pursuant to the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §1346(b) for the alleged negligent mishandling of his personal property during his transfer from the United States Penitentiary located in Beaumont, Texas, to the Federal Correctional Institution in Estill, South Carolina. Specifically, he contends that his personal items were inventoried and sealed in boxes in Texas and that those same items arrived safely in South Carolina. He claims, however, that sometime during his time in segregation at the Estill facility, the boxes were opened and some of the contents was taken.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(f), D.S.C., this magistrate judge is authorized to review all pretrial proceedings in prisoner petitions which do not challenge prison conditions, conditions of confinement, or any other form of custody.

**APPLICABLE LAW**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings,

2

> but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**I.  MOTION TO TRANSFER**

The defendant first moves for a transfer of this matter pursuant to 28 U.S.C. § 1402 of the Federal Tort Claims Act. Section 1402(b) provides:

> Any civil action or a tort claim against the United States under subsection (b) of Section 1346 of this title may be prosecuted only in the judicial district where the Plaintiff resides or wherein the act or omission complained of occurred.

28 U.S.C. § 1402(b).

The defendant contends primarily that the loss of property alleged by the plaintiff occurred, if at all, in the United States Penitentiary located in Beaumont, Texas and not in this district. The evidence and Complaint, however, point specifically to the Federal Correctional Institution in Estill, South Carolina. Specifically, it is undisputed that the personal items actually arrived in South Carolina; the plaintiff signed an Inmate Personal Property Record indicating as much. (*See* Def. Mot. Transfer Ex. 3 (signed Personal Property Record); Complaint at 4.) Instead, the plaintiff claims that sometime between the time he signed the Personal Property Record, upon his arrival at Estill, and when he was released from segregation approximately two weeks later on February 1, 2004, the property was lost as a result of the negligence of the defendants. Accordingly, the "act or omission complained of occurred," if at all, in South Carolina and venue is, therefore, proper in this Court. *See* 28 U.S.C. § 1402.

3

## II.  MOTION FOR SUMMARY JUDGMENT

In addition to its request for transfer, the defendant has moved for summary judgment.  The FTCA provides, in relevant part, that the United States may be held liable for personal injury or loss of property "caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  To succeed on his FTCA claim, therefore, the plaintiff must prove the loss of his property was caused by the negligent or wrongful act or omission of a government employee.  28 U.S.C. § 2672.   The substantive elements of his FTCA claim are governed by South Carolina law.  *See* 28 U.S.C. § 1356(b)(1); *see also FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *U.S. v. St. Louis University*, 336 F.3d 294, 300(4th Cir. 2003).

The plaintiff has produced no evidence from which a reasonable jury could find for him on his FTCA claim for negligence under South Carolina law.[1]  First, the plaintiff has not even specifically identified the individual who allegedly was negligent in regards to his property *or* any negligent act or omission committed thereby.  He repeatedly refers to "those officials" and "these prison officials."  (*See, e.g.*, Pl. Resp. at 8.)  Although the plaintiff identifies "Officer James" as an individual he talked to concerning his property, the plaintiff makes no specific allegations, either in his Complaint or in response to summary judgment, that James was negligent in regards to his property.  In fact, the plaintiff expressly states that he told James that "someone" at FCI Estill, not James, had been inside the boxes and asked James whether any inmates had been given access.  (*See* Pl.

---

[1] It is elementary that "in order to establish a claim for negligence, a plaintiff must prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by negligent act or omission; and (3) damage proximately caused by the breach." *Huggins v. Citibank, N.A.*, 585 S.E.2d 275, 276 (S.C. 2003).

4

Aff. ¶ 4.)  Tellingly, the plaintiff did not and has not accused James of either tampering with the boxes or allowing others to do so.

The plaintiff also mentions James' supervisor, Ms. Jones, and Warden Hamidullah, but only in regards to filing his claim for property loss.  There is no allegation that any negligent act or omission of those two individuals contributed to the alleged loss of his property.

The plaintiff can have no claim without at least some allegation that a government employee acted negligently in regards to his property.  Here, the plaintiff has alleged nothing of the sort.  He does not claim that James took the property nor does he claim that James allowed any inmate or other officer to take the property.  Instead he rotely speculates that "these prison officials were all negligent."  (*Id*. ¶ 11.)  This allegation is based on nothing more than the pure speculation of the plaintiff, which is an insufficient basis to survive summary judgment. *See Ross* v. *Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985) *abrogated on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977).  Even if a liberal construction of the plaintiff's filings revealed an allegation against James, Jones, or Hamidullah, there certainly exists no evidence of record that those individuals committed any negligent act or omission in relation to the property – to wit, left it unattended, dropped it, allowed others to peruse it, sold it, destroyed it, etc.[2]  *Cf.  Manning v. U.S. Dept. of Justice*, 104 Fed. Appx. 907 (4th Cir. 2004) (genuine issue of fact created by evidence that

---

[2] The Court need not make a detailed analysis of the application of the doctrine of *res ipsa loquitur* under the circumstances.  It is true that South Carolina recognizes that in certain instances negligence can be inferred "where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care," *O'Leary-Payne v. R.R. Hilton Head, II, Inc*. --- S.E.2d ----, 2006 WL 3068877, at *3 (S.C. Ct. App. October 30, 2006).  In this case, however, there is no evidence as to those necessary elements.  As stated, the plaintiff fails to make even a specific allegation as to any one person much less a proffer of evidence that any particular person had exclusive control over the plaintiff's property at all times relevant to this case.

a prison official had left "locker unlocked, thereby permitting other inmates to take his belongings").

Second, there is no evidence that any negligence actually occurred. The plaintiff's sole piece of evidence is his testimony and the testimony of a Robert Copeland that at some time after the plaintiff's arrival at Estill, the boxes containing the plaintiff's personal property were opened and powder had spilled out over the contents. (Copeland Aff. ¶ 2; Pl. Aff. ¶ 4.) To that end, the plaintiff emphasizes the fact that after he was at Estill for about a week he was allowed to take some of his property. At that time, he claims to have discovered that the boxes containing his property were unsealed and that someone had tampered with the contents. (*Id*.)

Of course, the plaintiff had previously indicated, upon his arrival at Estill, that the property was, in fact, all present. (Def. Mem. Summ. J. Ex. 3.) Specifically, on the Inmate Personal Property Record, dated, as signed, January 13, 2005, the plaintiff attested to the presence of numerous personal items and claimed no discrepancy in the inventory. (*Id*.) Generally, by signing such a form the plaintiff waives any claim regarding property damage or destruction. *See Baker v. Smith*, 1992 WL 86721, at *2 (10th Cir. April 27, 1992). In fact, the Personal Property Record, contains an express release of all claims regarding the inventory, if the inmate fails to claim a discrepancy. (Def. Mem. Summ. J. Ex. 3.)

But more importantly, the Court is at a loss as to how the plaintiff could have possibly attested to the contents of the boxes at the time of his arrival if they were, as he now seems to imply, sealed at that time. To reiterate, the plaintiff is arguing that a week after his arrival he was shocked to find boxes opened that he had a week earlier purportedly acknowledged as containing certain vary specific items. The Court will certainly not weigh the evidence but nor will it permit this case to continue when the plaintiff's only evidence lacks any tendency to point to negligent care. The discovery of an unsealed box after the plaintiff presumably reviewed the contents of the same, is simply not evidence of negligence, it is

precisely what one would expect to find. In other words, a week after the plaintiff arrived at Estill and attested to the inventory, *the box should have been open*.

Ultimately, this point is of little consequence, insofar as the plaintiff has wholly failed to produce any evidence suggesting negligence on the part of any prison officials. He has simply speculated as to such.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion for transfer be DENIED and the defendant's motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

November 9, 2006

Greenville, South Carolina