IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Mathis, ) | |
| ) | C/A No. 8:05-3000-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Ronald Mathis is an inmate in custody of the Federal Bureau of Prisons (FBOP). He brings this action pursuant to 28 U.S.C. § 1346 (b)(1) of the Federal Tort Claims Act, alleging that items of his personal property were lost when he was transferred from the United States Penitentiary in Beaumont, Texas to the Federal Correctional Institution in Estill, South Carolina (FCI-Estill).

This matter came before the court on Defendant United States' motion to transfer or, in the alternative, for summary judgment, which motion was filed March 21, 2006.[1] By order filed March 22, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response to Defendant's motion on May 18, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On November 9, 2006,

---

[1] The case originally was brought against Warden Matthew B. Hamidullah. The United States asserted in its motion to transfer or, in the alternative, for summary judgment, that in a claim pursuant to § 1346(b)(1), the only proper party Defendant is the United States. Accordingly, Warden Hamidullah should be dismissed and the United States substituted as the proper Defendant.

the Magistrate Judge filed a Report and Recommendation in which she recommended that Defendant's motion to transfer be denied. The Magistrate Judge further recommended that Defendant's motion for summary judgment be granted. Plaintiff filed no response to the Report. Accordingly, the court issued an order pursuant to Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983), on December 8, 2006.

On January 5, 2007, Plaintiff filed objections to the Report and Recommendation. The envelope containing the objections was stamped with a January 3, 2007 postage date. However, Plaintiff's objections were dated November 24, 2006. The court will grant Plaintiff a delivery date of November 24, 2006. See Houston v. Lack, 487 U.S. 266 (1988). In addition, Plaintiff filed a motion to reopen his case on January 5, 2007. (Entry 21) The court grant's Plaintiff's motion and vacates its December 8, 2006 order. The court will consider herein Plaintiff's objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

Plaintiff alleges that on or about November 20, 2004, his personal property was boxed up by the staff and civilian employees of the FBOP in Beaumont, Texas. Plaintiff contends that two boxes

were sealed and he was given a form listing what property was packed. Plaintiff was transported to FCI-Estill, where he arrived on January 11, 2005.

According to Plaintiff, he was taken to a room by Officer James to obtain some of his property. Plaintiff contends that both boxes of his personal property had been opened. Plaintiff complained to Officer James, who stated that the boxes had arrived at FCI-Estill in that condition. Plaintiff asserted that someone had been inside the boxes, and he asked Officer James whether any inmates had been in the boxes because shaving powder had been poured over Plaintiff's property in one of the boxes. Plaintiff contends that he was allowed to take a few items back to his cell with him. Plaintiff signed a Inmate Personal Property Record; however, he contends that he was unable to check his property against the list he had been given in Beaumont, Texas. Thus, according to Plaintiff, he did not sign for all of his property, but only that which he took back to his cell.

On or about February 8, 2005, Plaintiff received the rest of his personal property. He checked the items he received against his list. Plaintiff complained to Officer James, who informed Plaintiff that he would have to file a tort claim. Plaintiff filed an Inmate Request to Staff addressed to Warden Hamidullah. The Warden informed Plaintiff that any loss for missing items should be pursued from the United Parcel Service (UPS), the entity that shipped the boxes from Texas to FCI-Estill.

## II. DISCUSSION

Plaintiff contends that the Magistrate Judge erred in granting summary judgment in favor of Defendant. The court agrees.

The FTCA permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred. Manning v. U.S. Dep't

of Justice, 104 F. App'x 907, 908 (4th Cir. 2004) (quoting Medina v. United States, 259 F.3d 3302, 223 (4th Cir. 2001)). In order to establish a claim for negligence in South Carolina, Plaintiff must present evidence of a legal duty owed by Defendant to him, a breach of that duty by a negligent act or omission, and damages that were proximately caused by the breach. See Benjamin v. Wal-mart Stores, Inc., 413 F. Supp. 2d 652, 655 (D.S.C. 2006). While prison officials are not insurers of an inmate's property, they are required to provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons. 18 U.S.C. § 4042(a)(2).

Defendant asserts that Plaintiff failed to state a claim upon which relief can be granted because he failed to show that a federal employee participated in the alleged deprivation of property. Construing the facts in favor of Plaintiff, and even assuming the boxes arrived at FCI-Estill with the seals broken, there is a genuine issue of material fact as to whether Plaintiff's property was left unguarded after it arrived at FCI-Estill. Warden Hamidullah's own investigation revealed a discrepancy between the inventory in Texas and the inventory at FCI-Estill with respect to a thermos, a pair of eyeglasses with case, and a pair of sunglasses with case. Response and Declaration in Opposition to Defendant's Motion to Dismiss (Entry 16), Exhibit E. At this stage of the proceedings, where there has been no discovery, the court cannot say that Plaintiff's boxes were not pilfered while in the custody and control of FCI-Estill employees.

The court further is not persuaded that Plaintiff waived any claim that his property was lost when he signed the Inmate Personal Property Record. As noted hereinabove, Defendant has admitted a discrepancy with respect to a thermos, a pair of eyeglasses with case, and a pair of sunglasses with case. Moreover, Plaintiff contends that he signed the form only as to the items he retrieved, and that he immediately lodged a complaint when he discovered a number of items

missing. Defendant does not dispute these allegations.

### III. CONCLUSION

The court declines to adopt the Report and Recommendation of the Magistrate Judge. The court recommits the matter to the Magistrate Judge for further pretrial handling, including appropriate discovery. Defendant is granted leave to reassert a motion for summary judgment at the conclusion of discovery.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

September 4, 2007

Columbia, South Carolina