IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENVWOOD DIVISION

Ronald Mathis, #15685-018,           )
                                     )
                    Plaintiff,       )        Civil Action No. 8:05-3000-MBS-BHH
                                     )
        vs.                          )        **REPORT AND RECOMMENDATION**
                                     )        **OF MAGISTRATE JUDGE**
United States of America,            )
                                     )
                    Defendant.       )
_____)

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction [Doc. 26]. The plaintiff has pled a claim pursuant to the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §1346(b), for the alleged negligent mishandling of his personal property during his transfer from the United States Penitentiary located in Beaumont, Texas, to the Federal Correctional Institution in Estill, South Carolina.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(f), D.S.C., this magistrate judge is authorized to review all pretrial proceedings in prisoner petitions which do not challenge prison conditions, conditions of confinement, or any other form of custody.

## FACTUAL BACKGROUND

The defendant represents that the plaintiff, was sentenced on June 3, 1994, to Life imprisonment by the United States District Court for the Middle District of Florida for Racketeering Conspiracy (18 U.S.C. § 1962 (d) & (c)); Continuing a Criminal Enterprise (21 U.S.C. § 848 (a)); Conspiracy to Distribute Cocaine Base (21 U.S.C. § 846); and Possession with Intent to Distribute and Distribution of 5 grams or more of Cocaine Base (21 U.S.C. § 841(a)(1)).

The plaintiff is currently incarcerated at FCI Estill, South Carolina.  The plaintiff alleges that on or about November 30, 2004, his personal property was inventoried and

packed at the United States Penitentiary (USP) located in Beaumont, Texas, because he was being transferred to the Federal Correctional Institution (FCI) located in Estill, South Carolina.  The plaintiff states that he arrived at FCI Estill on or about January 11, 2005, and that, on January 13, 2005, his personal property was inventoried by FCI Estill staff.  The plaintiff claims that after this inventory, he discovered several items of his personal property were missing.  The plaintiff specifically alleges that due to the alleged negligence of the Bureau of Prisons' (BOP) staff, sometime between November 30, 2004, and February 1, 2005, items of his personal property were lost.  The plaintiff requests the Court to award him $1,127.25 in compensation for the lost personal property.

## STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir.1999) (quotations omitted). When a defendant challenges subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*.

## DISCUSSION

### I.    SUBJECT MATTER JURISDICTION

The plaintiff contends that the defendants are liable under the FTCA for misplacing his personal belongings when he was transferred from one correctional facility to another. The FTCA provides, in relevant part, that the United States may be held liable for personal injury or loss of property "caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment,

under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). To succeed on his FTCA claim, therefore, the plaintiff must prove the loss of his property was caused by the negligent or wrongful act or omission of a government employee. *See* 28 U.S.C. § 2672. The substantive elements of his FTCA claim are governed by South Carolina law. *See* 28 U.S.C. § 1356(b)(1); *see also FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *U.S. v. St. Louis University*, 336 F.3d 294, 300(4th Cir. 2003).

The defendant has moved to dismiss the plaintiff's FTCA claim for lack of subject matter jurisdiction. A court may exercise subject matter jurisdiction over an action in tort against the United States only if the United States has waived its sovereign immunity. The FTCA represents a limited waiver of the United States' sovereign immunity. *See* 28 U.S.C. §§ 1346, 2674-2680. The FTCA's limited waiver of sovereign immunity, however, is subject to thirteen specific exemptions. *See* 28 U.S.C. §§ 2680 (a)-(n). One of those exemptions is applicable in this case, namely, the "detention of goods" exception, *see* 28 U.S.C. § 2680(c), which retains, for the United States, its immunity from "any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." *Id*.

The Fourth Circuit has traditionally held that this exception to the waiver of the United States' immunity does not apply to a BOP officer's alleged mishandling of an inmate's property because the officer's activities were not associated with the "assessment or collection of taxes or customs" duties or the detention of property. *Andrews v. United States*, 441 F.3d 220, 225 (4th Cir. 2006). In January of this year, however, the United States Supreme Court ruled, on facts similar to those alleged here, that a BOP officer who

3

allegedly lost an inmate's property qualifies as "other law enforcement officers" within the meaning of Section 2680(c).  *See Ali v. Federal Bureau of Prisons*, 128 S. Ct. 831, 840-41(2008).  The Supreme Court held that BOP officers whom had allegedly lost an inmate's personal property during his transfer to another prison were "law enforcement officers" as that term was used in provision of the FTCA excepting, from the waiver of the federal government's sovereign immunity, any claim arising with respect to "detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."  *Id*. at 839 (expressly abrogating *Andrews*).

Therefore, as the BOP officials, in this case, who allegedly mishandled the plaintiff's property are "law enforcement officers," the United States is exempt from FTCA liability, 28 U.S.C. § 2680(c), for any loss or damage to his detained goods.  Because the United States has not otherwise waived its immunity under the Tort Claims Act, this court lacks subject matter jurisdiction to consider the plaintiff's claim under the same.

The plaintiff has not made any real response to the jurisdictional issue other than to claim that he is suing individual officers, whom he contends acted outside of their official capacities.  At no time, however, did the plaintiff sue any officers in their individual capacity or even name any officers in this lawsuit.  In his original Complaint, he named only the Warden.  More importantly, as the district court has already recognized [Doc. 23 n.1], the United States is the only proper defendant in a case brought pursuant to the FTCA.   The plaintiff has pled only an FTCA claim in this case.  (Compl. at 1.)

The plaintiff also contends that the defendant has not met its burden pursuant to Fed. R. Civ. P. 56 to produce some affidavit or other evidence demonstrating the absence of any genuine issue of material fact.  The defendant's present motion, however, is one made pursuant to Fed. R. Civ. P. 12(b)(1) and requires no evidentiary showing. The motion can be resolved on the face of the Complaint and as a matte of law.

4

The plaintiff's sole claim in this case alleges that the officers mishandled his property. (Compl. at 3-4.)  This Court no longer has jurisdiction under the FTCA to consider such allegations.  *Ali v. Federal Bureau of Prisons* is squarely on point and dispositive of the present motion.

Lastly, the plaintiff has moved for a bench trial.  Insofar as the recommendation to grant the defendant's motion to dismiss is adopted, the plaintiff's motion should be denied.

### **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion to dismiss [Doc. 26] be GRANTED.  It is further recommended that the plaintiff's motion for trial [Doc. 31] be DENIED.

IT IS SO RECOMMENDED.

s/Bruce H.  Hendricks
United States Magistrate Judge

June 27, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).